PER CURIAM.
This matter is before the court on petition of Charles E. Moorman for writ of certiorari to review an order of the Pest Control Commission of Florida denying him a license as an operator of a lawn and ornamental pest control business.
Previously, the commission denied petitioner a license without a hearing. This court ordered that the petitioner be granted a hearing before the commission. Moorman v. Sapp, Fla.App. 1966, 185 So.2d 507. As a result a hearing was held, the transcript of which is before the court in this proceeding.
From the record it appears that the petitioner and a man named Norman were engaged in the structural pest control business in 1962 and that the petitioner acquired the interest of his partner but continued to operate the business under the fictitious name of “Norman Exterminators.” The petitioner was not a licensed certified structural pest control operator but had in his employ two persons who had such licenses.
In 1965 the Legislature enacted Chapter 65-295 making substantial changes in the Pest Control Act, including granting it power to license lawn and ornamental pest control operations. The provisions of the act with which we are concerned here are as follows:
F.S.A. § 482.221 Grandfather clause.
“ * * *
“(3) Each person holding a current Florida structural pest control operator’s certificate on the effective date shall be entitled to have included on the amended certificate as a pest control operator issued to him by the commission, the category of lawn and ornamental pest control.
“ * * *
“(6) In addition to persons holding structural pest control operator’s certificates on the effective date of this act, each person, firm, partnership, corporation, association or other business entity actively operating a business engaged in ■lawn or ornamental pest control in the state, on or before October 1, 1964, shall be entitled to receive from the commission a pest control operator’s certificate in the category of lawn and ornamental pest control for each office or location from which they have been actively engaged in lawn or ornamental pest control for a period of six (6) months next preceding the effective date of this act, upon the following conditions:
“ * * *
“(e) No partnership, firm, association or corporation shall be entitled to the issuance of more than one pest control operator’s certificate for each business location without examination * *
The Pest Control Commission takes the position in construing the above provisions of the pest control law that Moorman was not entitled to an operator’s license in the category of lawn and ornamental pest control without examination because he employed two holders of pest control operator’s certificates whose certificates were amended to include lawn and ornamental categories.
The petitioner attempted to establish the fact that he was engaged in a separate lawn spraying business unconnected with his structural pest control business. The com *874 mission found such fact was not established on the basis of the evidence.
The court has carefully considered the petition, the appeal papers, the briefs and oral arguments of counsel for the parties. From such consideration we find the commission has properly construed the applicable provisions of the statute.
Denied.
WALDEN, C. J., and ANDREWS and CROSS, JJ., concur.